UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE


CIVIL ACTION NO. 09-77-GWU


MYRTLE F. MOORE MAYNARD,                                      PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.


### INTRODUCTION

Myrtle Maynard brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI).  The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.   Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.   If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities?  If not, a finding of non-disability is made and the claim is denied.

1

09-77  Myrtle F. Moore Maynard

3.      The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

2

09-77  Myrtle F. Moore Maynard

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

09-77  Myrtle F. Moore Maynard

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

4

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

09-77  Myrtle F. Moore Maynard

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

6

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Maynard, a 53-year-old former school janitor with a "limited" education, suffered from impairments related to degenerative disc disease of the lumbar spine, osteoarthritis of the hands, a depressive disorder, and borderline intellectual functioning. (Tr. 20, 24). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 21-22, 24). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 24-25). The ALJ based this decision, in large part, upon the testimony of a Vocational Expert. (Tr. 25).

Maynard asked the Commissioner's Appeals Council to review the ALJ's denial decision and this request was granted. (Tr. 9). The Appeals Council adopted the ALJ's findings and conclusions in their entirety with regard to the question of the plaintiff's disabled status. (Id.). The only issue addressed was whether the claimant had been eligible for DIB.[1] The Appeals Council found that the requirements for

---

[1] The ALJ had only addressed the issue of SSI.

7

09-77 Myrtle F. Moore Maynard

DIB coverage were met but that the claimant was not disabled for the reasons found by the ALJ. (Tr. 10).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert Dwight McMillion included an exertional limitation to medium level work restricted from a full range by an inability to more than occasionally climb, stoop or crawl and no repetitive use of the hands for gross manipulation of objects. (Tr. 639). McMillion identified a significant number of jobs which could still be performed including such positions as kitchen worker (615,000 national jobs), inspector (65,000 national jobs), counter clerk (128,000 national jobs), retail sales attendant (168,000 national jobs), security monitor (117,000 national jobs), and sedentary inspector (76,000 jobs). (Tr. 640). The ALJ later submitted interrogatories to the expert adding a "fair" (limited but satisfactory) ability to use judgment, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, handle complex and detailed job instructions, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability along with a limitation to simple, routine, low stress task-oriented jobs in non-public settings. (Tr. 343). McMillion indicated that the jobs of counter clerk and retail sales attendant

09-77  Myrtle F. Moore Maynard

would be eliminated.  (Tr. 344).  However, the expert added the jobs of general production inspector (155,000 national jobs) and clerical machine operator/office helper (58,000 national jobs) which could still be performed and accommodate all the restrictions presented by the ALJ. (Id.).  Therefore, assuming that the vocational factors presented to the vocational expert fairly characterized Maynard's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  Dr. Jorge Baez-Garcia, a non-examining medical reviewer, opined that Maynard could lift a maximum of 50 pounds occasionally and 25 pounds frequently.  (Tr. 311).  Dr. Baez-Garcia indicated that the plaintiff would be able to occasionally climb ladders, ropes or scaffolds, stoop or crawl.  (Tr. 312).  Gross manipulation was noted to be limited.  (Tr. 313).  The physical restrictions of the hypothetical question were consistent with this opinion.  Dr. Ronald Brown, another reviewer, opined that the claimant's physical impairments were "less than severe."  (Tr. 223).  Finally, no treating or examining source of record, including the staff at the  Highlands Regional Medical Center (Tr. 141-151, 155-156, 226-238, 320-339. 383-404), the staff at the Paul B. Hall Regional Medical Center (Tr. 152-154), Dr. Douglas Deitch (Tr. 157-169), Dr. Michael Lyons (Tr. 211-215), Dr. Donald Chaffin (Tr. 254-294, 359-372) and the

9

staff at King's Daughters Hospital (Tr. 405-616), identified the existence of more severe physical restrictions than those found by the ALJ.  Therefore, substantial evidence supports this portion of the administrative decision.

The ALJ also dealt properly with the evidence of record relating to Maynard's mental condition.  Psychologist Richard Cohen reviewed the record and then responded to interrogatories from the ALJ.  Cohen opined that the plaintiff would have a "fair" ability to use judgment, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, handle simple job instructions,  behave in an emotionally stable manner, relate predictably in social situations and demonstrate reliability.  (Tr. 377-378).  The mental factors considered by the vocational expert were essentially consistent with this opinion.  Dr. Wayne Edwards examined the claimant and opined that her mental problems would not interfere with her working eight hours a day.  (Tr. 220).  The ALJ's findings were compatible with this opinion as well.  Neither Ann Demaree (Tr. 239) nor Edward Stodola (Tr. 295), the non-examining medical reviewers, thought that Maynard's mental problems constituted a "severe" impairment.  Psychologist Eric Johnson, another  examining source, did identify far more severe mental limitations than those found by the ALJ.  (Tr. 356-358).  This opinion was offset by the other evidence of record.  Therefore, substantial evidence supports this portion of the administrative decision.

09-77  Myrtle F. Moore Maynard

Maynard argues that the ALJ erred in his duty to fairly and fully develop the record as required under 20 C.F.R. § 416.912(d).  She notes that Dr. Lyons indicated in the text of his report that he had also completed a work capacity form at the time of his August, 2004 examination.  (Tr. 212).  This assessment was not entered into the evidence and the plaintiff asserts that the ALJ violated his duty by not obtaining the assessment.

The court must reject Maynard's argument.  The undersigned notes that the plaintiff was represented by attorney Leonard Stayton during the processing of her SSI claim and, so, the ALJ did not have the heightened duty to develop the record as when a claimant is unrepresented.  Lashley v. Secretary of Health and Human Services , 768 F.2d 1048, 1052 (6th Cir. 1989).  The plaintiff at no time indicated to the ALJ that crucial evidence was missing from the record or that she needed the ALJ's assistance in obtaining evidence.  The administrative regulations provide that it is the burden of the claimant "to provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled."  20 C.F.R. § 416.912(c).   The Sixth Circuit Court of Appeals has noted that the plaintiff carries the burden of proving she is disabled.  Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993).  The plaintiff saw Dr. Lyons on one occasion in August of 2004 as part of the processing of a Worker's Compensation claim.  The ALJ did not issue his denial decision in this

11

09-77  Myrtle F. Moore Maynard

action until May 24, 2007.  (Tr. 26).  Thus, the claimant had almost three years to obtain the assessment form and see that it was entered into evidence but failed to do so.  As previously noted, the Appeals Council reviewed Maynard's case and issued their own decision on May 27, 2009 which became the final decision in this action.  (Tr. 6).  The Appeals Council explicitly gave the plaintiff the opportunity to submit additional evidence into the record.  (Tr. 9).  However, the claimant failed to submit the document.  Therefore, under these circumstances, the court finds no error on the part of the administration.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 26th day of February, 2010.

Signed By:

_G. Wix Unthank_

United States Senior Judge

12